Timothy A. Adams, Bar No. 213896
*tadams@edattorneys.com*
Madeline L. Knutson, Bar No. 348792
*mknutson@edattorneys.com*
**TIMOTHY A. ADAMS & ASSOCIATES, APLC**
1930 Old Tustin Ave., Suite A
Santa Ana, CA 92705
Telephone: (714) 698-0239
Facsimile: (714) 698-0243
Irvine, California 92612

Attorneys for Plaintiffs
H.S. and S.J., on behalf of their minor child, H.J.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| H.S. and S.J., on behalf of their minor child, H.J.,<br><br>        Plaintiff,<br><br>   v.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | Case No.  8:26-cv-00080<br><br>**COMPLAINT** |

**JURISDICTION AND VENUE**

1.     This action arises under the Individuals with Disabilities Education Act [20 U.S.C. § 1400 et seq.] ("IDEA")[1] and pendent state law as hereafter more fully appear. This court has jurisdiction under and by virtue of 20 U.S.C. § 1400 *et seq*.; 42 U.S.C. § 1983; 34 C.F.R. § 300 *et seq*.; 20 U.S.C. Section 1415(i)(3)(A) and Section 1415 (i)(3)(B).

2.     Plaintiffs H.S. ("Mother") and S.J. ("Father") are the parents of Plaintiff H.J. ("Student"). At all times relevant to this complaint, Mother and Father were legal residents of the State of California, County of Orange.

3.     Student is a child with a disability within the meaning of that term as defined under 20 U.S.C. § 1401(3)(A)(i) and is a child with exceptional needs within the meaning of that term as defined in Cal. Educ. Code § 56026, and therefore is entitled to receive special education and related services. Special education services are delivered to students through an individualized education program ("IEP") developed at a meeting by a team of individuals that includes, at a minimum, the student's parents and school district personnel.

4.     Defendant Capistrano Unified School District ("District") is a governmental agency located within the County of Orange, State of California, and conducting business therein.

5.     Pursuant to Federal Law, disputes under the IDEA are handled in an administrative "due process" hearing. 20 U.S.C. § 1415(f).

6.     A prevailing parent in a due process matter is entitled to an award of attorneys' fees for the successful prosecution of that matter. 20 U.S.C. § 1415(i)(3)(B). The district courts of the United States shall have jurisdiction of actions brought under this section. 20 U.S.C. § 1415(i)(3)(A).

---

[1] The IDEA was reauthorized in 2004 as the Individuals with Disabilities Education Improvement Act ("IDEIA"). For simplicity and consistency with prior case law, this Complaint will refer to the statutory scheme as the IDEA.

1

2 **FACTUAL ALLEGATIONS**

3          7.      Plaintiffs hereby incorporate and re-allege Paragraphs 1-6 above and

4 incorporate the same as though fully set forth herein.

5          8.      Student is a ten (10) year old boy who, during all times relevant to this

6 complaint, was either suspected of being eligible for special education and related

7 services as defined by the IDEA or was eligible for special education and related

8 services as defined by the District and the IDEA.

9          9.      On or about November 25, 2024, Student filed a due process hearing

10 request with the Office of Administrative Hearings ("OAH") – the state agency

11 responsible for administering due process hearings. In the November 25, 2024 due

12 process hearing request, Student raised five (5) issues: (1) whether the District denied

13 Student a FAPE by failing to fulfill its child find obligation to provide, identify, and

14 evaluate Student's needs when it did not refer Student for a special education

15 evaluation prior to December 2022, during the 2022/2023 school year; (2) whether

16 the District denied Student a FAPE by failing to offer appropriate goals, services, and

17 placement via the Initial IEP developed on March 1, 2023; (3) whether the District

18 denied Student a FAPE by failing to offer appropriate goals, services, and placement

19 via the Annual IEP developed on May 2, 2024; (4) whether the District denied Student

20 a FAPE by failing to ensure that the IEP team was comprised of the necessary

21 participants at Student's May 2, 2024 IEP meeting; and (5) whether the District denied

22 Student a FAPE by denying Parents the right to meaningfully participate in the May

23 2, 2024 IEP meeting by predetermining Student's placement. Student's November 25,

24 2024 due process complaint was designated OAH Case No. 2024110845.

25          10.     On or about December 23, 2024, the District filed a due process hearing

26 request with OAH. In the December 23, 2024, due process hearing request, the

27 District raised one (1) issue: (1) whether the District's Psychoeducational Assessment

28 and Corresponding February 2023 Multidisciplinary Assessment Report were

appropriate.

11.    On December 30, 2024, OAH granted the Parties' Motion to Consolidate Student's due process request and the District's due process request.

12.    On May 27, 2025, Student amended his due process complaint to include three (3) additional issues: (6) whether the District denied Student a FAPE by failing to consider Dr. Richard's Independent Educational Evaluation in an IEP team meeting during the 2024/2025 school year; (7) whether the District denied Student a FAPE by failing to convene Student's annual IEP meeting by May 1, 2025 pursuant to Parents' request to convene an IEP team meeting for Student's Annual Review; and (8) whether the District denied Student a FAPE by failing to have an IEP in place for Student prior to the 2025/2026 school year.

13.    At the pre-hearing conference held on July 28, 2025, Student's issues as alleged in Student's complaint were clarified and designated as Issues 1-7 by the Administrative Law Judge presiding over the pre-hearing conference, ALJ Robert Martin, (1) whether the District failed to meet its child find obligation to Student from November 25, 2022 to December 9, 2022, by failing to refer Student for an assessment to determine his eligibility for special education, and thereby denied Student a FAPE; (2) whether the District's initial IEP for Student dated March 1, 2023 denied Student a FAPE by: (a) failing to offer Student appropriate goals in the areas of (i) basic reading skills, (ii) reading fluency, (iii) reading comprehension, (iv) basic writing skills, (v) written expression, (vi) math application tasks, (vii) phonological processing, (viii) orthographic processing, (ix) attention, (x) executive functioning, (xi) peer interactions, (xii) self-advocacy, and (xiii) social-emotional skills; (b) failing to offer Student appropriate counseling and behavioral services to address his needs in the areas of (i) attention, (ii) executive functioning, (iii) peer interaction, (iv) self-advocacy, (v) anxiety, and (vi) social-emotional needs; and (c) failing to offer Student placement in a classroom environment providing small group instruction; (3) whether the District denied Student a FAPE at his May 2, 2024 IEP team meeting by: (a)

-4-
COMPLAINT

failing to ensure that a school psychologist attended the meeting and (b) predetermining Student's placement; (4) whether the District's IEP for Student dated May 2, 2024 denied Student a FAPE by: (a) failing to offer Student appropriate goals in the areas of (i) basic reading skills, (ii) reading fluency, (iii) reading comprehension, (iv) basic writing skills, (v) written expression, (vi) math application tasks, (vii) phonological processing, (viii) orthographic processing, (ix) attention, (x) executive functioning, (xi) peer interactions, (xii) self-advocacy, and (xiii) social-emotional skills; (b) failing to offer Student appropriate counseling and behavioral services to address his needs in the areas of (i) attention, (ii) executive functioning, (iii) peer interaction, (iv) self-advocacy, (v) anxiety, and (vi) social-emotional needs; and (c) failing to offer Student placement in a classroom environment providing small group instruction; (5) whether the District denied Student a FAPE by failing to consider the September 2024 independent psychoeducational evaluation conducted by Dr. Dawn Richards in an IEP team meeting during the 2024-2025 school year; (6) whether the District denied Student a FAPE by failing to convene Student's annual IEP meeting by May 1, 2025, pursuant to Parents' request to convene an IEP team meeting for Student's annual review; and (7) whether the District denied Student a FAPE by failing to have an IEP in place for him prior to the start of the 2025-2026 school year.

14.    At the pre-hearing conference held on July 28, 2025, the District's issue as alleged in the District's complaint was clarified and designated as Issue 8 by ALJ Robert Martin, (8) whether the District appropriately conducted its psychoeducational evaluation documented in its February 2023 Multidisciplinary Assessment Report.

15.    The matter was heard by ALJ Rommel Cruz on August 5, 6, 7, 12, and 14, 2025.

16.    In an Order issued by ALJ Cruz on August 11, 2025, Student's Issues 2(c) and 4(c) were clarified as follows: 2(c) whether the District's IEP for Student dated March 1, 2023 denied Student a FAPE by failing to offer placement in a

classroom environment with small group instruction to adequately address Student's needs in (i) basic reading skills, (ii) reading fluency, (iii) reading comprehension, (iv) basic writing skills, (v) written expression, (vi) math application tasks, (vii) phonological processing, (viii) orthographic processing, (ix) attention, (x) executive functioning, (xi) peer interactions, (xii) self-advocacy, and (xiii) social-emotional skills; and 4(c) whether the District's IEP for Student dated May 2, 2024 denied Student a FAPE by failing to offer placement in a classroom environment with small group instruction to adequately address Student's needs in (i) basic reading skills, (ii) reading fluency, (iii) reading comprehension, (iv) basic writing skills, (v) written expression, (vi) math application tasks, (vii) phonological processing, (viii) orthographic processing, (ix) attention, (x) executive functioning, (xi) peer interactions, (xii) self-advocacy, and (xiii) social-emotional skills.

17.    ALJ Cruz rendered his decision on or about October 9, 2025. ALJ Cruz's decision stated that:

- The District prevailed on Issue 1;
- Student prevailed on Issue 2(a)(ix), (x), and (xii);
- The District prevailed on Issue 2(a)(i)-(viii), (xi), and (xiii);
- The District prevailed on Issues 2(b) and 2(c);
- The District prevailed on Issues 3;
- The District prevailed on Issue 4;
- The District prevailed on Issue 5;
- The District prevailed on Issue 6;
- The District prevailed on Issue 7; and
- The District prevailed on Issue 8.

18.    ALJ Cruz made a number of legal and factual errors, which resulted in an inconsistent decision with regard to his ruling on Issues One, Two, Three, Four, Five, Six, Seven, and Eight.

1

**FIRST CAUSE OF ACTION**

2

**PARTIAL APPEAL OF THE OAH DECISION**

3     1.    Plaintiffs hereby incorporates and re-alleges Paragraphs 1-18 above and

4           incorporate the same as though fully set forth herein.

5     2.    ALJ Cruz erroneously decided that Student failed to meet his burden of

6           proof as to Issues One; Two (a)(i)-(viii), (xi), and (xiii); Two (b); Two

7           (c); Three; Four; Five; Six; Seven; and Eight.

8

9

**SECOND CAUSE OF ACTION**

10

**AWARDING OF ATTORNEYS FEES**

11    1.    Plaintiffs hereby incorporates and re-alleges Paragraphs 1-18 above and

12          incorporate the same as though fully set forth herein.

13    2.    Pursuant to 20 U.S.C. §1415(i)(3), the District should be ordered to

14          make Plaintiffs whole by paying no less than $186,466.25 in reasonable

15          attorneys' fees and costs.

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

**<u>REQUESTS</u>**

WHEREFORE, Plaintiffs respectfully request the following relief:

    1)    That ALJ Cruz's decision be overturned as to Issues One; Two (a)(i)-(viii), (xi), and (xiii); Two (b); Two (c); Three; Four; Five; Six; Seven; and Eight.

    2)    Parents be awarded their reasonable attorneys' fees as a prevailing party on an issue of significance in ALJ Cruz's decision.

    3)    That, upon the successful prosecution of this matter, Parents be awarded their reasonable attorneys' fees as a prevailing party in this appeal.

    4)    For such other and further relief as the Court deems just and proper.

DATED:   1/9/2026       TIMOTHY A. ADAMS & ASSOCIATES, APLC
                      TIMOTHY A. ADAMS

                      By: _____
                           Timothy A. Adams
                           Madeline L. Knutson
                           Attorneys for Plaintiffs
                           H.S. and S.J., on behalf of their minor child, H.J.